Belknap, }
May 1, 1917. }

## BELLE P. BROWN *v.* PARK CEMETERY.

The power given to towns by P. S., *c.* 40, *s.* 6, to take land for cemetery purposes, may be conferred by the legislature upon a voluntary corporation; this power being to take land for public use only, the corporation as to rights thereby acquired will be subject to control as a public agent.

APPEAL, from the laying out of land for cemetery purposes by the selectmen of Tilton.  The defendants are a voluntary corporation organized July 8, 1851, for the purposes of providing, holding and keeping in repair suitable grounds and other conveniences for the burial of the dead, and claim the right to take the plaintiff's land under the following statute passed March 6, 1913:

"All the acts and proceedings of an association called and known as Park Cemetery located in the town of Tilton (formerly in Sanbornton) be, and the same are hereby ratified and made legal, and the said Park Cemetery as now organized shall have all the rights and powers, and be subject to all the liabilities which towns by statute possess concerning cemeteries, by and under sections 4 and 6 of chapter 40 of the Public Statutes, and shall be called and known

as Park Cemetery." Laws 1913, c. 311, s. 1. The question of the constitutionality of the statute was transferred without a ruling by *Kivel*, J., from the October term, 1916, of the superior court.

*Stephen S. Jewett* (by brief and orally), for the plaintiff.

*Charles C. Rogers, Robert Jackson*, and *Branch & Branch* (*Mr. Jackson* orally), for the defendants.

PARSONS, C. J.   By *s*. 6, *c*. 40, P. S., towns are authorized to take land *in invitum* for public use.   The use of land for the establishment and maintenance of a cemetery for the burial of the dead may be a public use.   *Rockingham Light & Power Co.* v. *Hobbs*, 72 N. H. 531, 533; *Crowell* v. *Londonderry*, 63 N. H. 42; *Evergreen Cemetery Association* v. *New Haven*, 43 Conn. 234.   "The burial or other safe disposition of the dead is a necessity essential to the preservation of the health of the living.   The private use of land for this purpose by a private corporation may be of public convenience and necessity, as that term is sometimes used, although not strictly a public use justifying condemnation of land for that purpose. But where land is appropriated for a burying ground by a town or other municipal corporation, or by the owners of the land,—being a voluntary association or private corporation,—and the land so appropriated is open, under reasonable regulations, to the use of the public for the burial of the dead, it may become a public burial ground and its use a public use, and the legislature may lawfully condemn land for that public use."   *Starr Burying Ground Ass'n* v. *Association*, 77 Conn. 83.   The plaintiff bases her objection to the constitutionality of the statute invoked by the defendants upon the elementary principle that private property cannot be taken *in invitum* for private use.   Const. Part. I, *art*. 12; *Concord Railroad* v. *Greely*, 17 N. H. 47; *Underwood* v. *Bailey*, 59 N. H. 480.   If this were the purpose of the statute the objection would be fatal.   But the power conferred upon towns by *s*. 6, *c*. 40, P. S., which the act of 1913 gives the defendants, is only to take land for a public use.

As the plaintiff's land can under the statute be taken only for a public use, there is no constitutional objection to the statute.   Whatever title the association may have to land previously acquired by treaty, all land they may acquire under this statute will be affected by the public use.   "If the right in the old ground is not public, in every sense of the term, it will not affect the public right in regard to

that part of the ground which is added to it, by this enlargement. The part added will be public, subject to such regulations and restrictions as the by-laws of the association may make; and that is enough to answer the material part of this claim, *viz*. its being subject to the objection of taking private property for private use only." *Edwards* v. *Stonington Cemetery Ass'n*, 20 Conn. 466, 479.

Having invoked the power of eminent domain for the acquisition of rights in the lands of others, the defendants can be compelled, at least to the extent of the rights so acquired, to afford reasonable service to the public in the public business they have undertaken at reasonable rates. "It is in fact a public agent exercising powers for the public advantage, which are subject to legislative control and enforcement." *McMillan* v. *Noyes*, 75 N. H. 258, 263.

*Case discharged.*

All concurred.